IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-CR-00023-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JARA MEOTTA ISHON FLOWERS | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Dismiss, (Doc. No. 11), and the government's response, (Doc. No. 13).

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge an indictment prior to trial for failing to state an offense. "[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." United States v. Rendelman, 641 F.3d 36, 44 (4th Cir. 2011). A court may not dismiss an indictment based on facts that should have been developed at trial. United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012).

Here, Count One of the Indictment alleges that the defendant affected commerce by extortion, that is she obtained property from inmates at a prison with their consent under color of official right, in violation of 18 U.S.C. § 1951. (Doc. No. 1 at 2). Introductory paragraphs claim that the defendant was employed as a correctional officer when she used her official position to smuggle synthetic marijuana to at least one inmate in exchange for money. (Id. at 1-2). The defendant asks the Court to rely on a dissenting opinion in the recent case of Ocasio v. United States, 136 S. Ct. 1423 (2016), to find that the Hobbs Act does not apply to bribery. (Doc. No. 11: Motion at 1). However, as rightly argued by the government, (Doc. No. 13: Response at 1),

1

the majority opinion did not upset the existing state of the law that the Hobbs Act covers bribery, that is a public official taking money to which she is not entitled, knowing the payment is in return for an official act. Ocasio, 136 S. Ct. at 1428, 1434 (citing Evans v. United States, 504 U.S. 255, 260 (1992). Accordingly, the Court finds that the indictment sufficiently alleges the essential elements of the offense and protects the defendant from double jeopardy.

**IT IS, THEREFORE ORDERED** that the defendant's Motion to Dismiss, (Doc. No. 11), is **DENIED**.

Signed: July 13, 2016

Robert J. Conrad, Jr.
United States District Judge